UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY JACKSON,

      Plaintiff,

v.           Case No. 3:18-cv-1041-J-34JBT

CORIZON HEALTH,
INC.,

      Defendant.

**ORDER**

  Plaintiff Troy Jackson, an inmate of the Florida penal system, initiated this action on August 27, 2018, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. In the Complaint, Jackson names Corizon Health, Inc. (Corizon) as the Defendant. He asserts that he suffered respiratory distress on June 27, 2015, that resulted in hospitalization due to Corizon's policy, practice, and custom that unreasonably delayed his access to emergency medical care. As relief, he requests punitive damages. Corizon filed a Motion to Dismiss or for Summary Judgment (Corizon's Motion; Doc. 18). Also before the Court are Jackson's motions: Motion for Limited Discovery and Enlargement of Time to Respond to Defendant's Motion to Dismiss or Summary Judgment (Doc. 26); Motion to Deny or Stay Defendant's Motion to Dismiss or for Summary Judgment (Doc. 27); Motion to Compel Discovery (Doc. 30); First Motion for Extension of Time (Doc. 32); and Motion for

Extension of Time to File Response to Motion for Dismissal or Summary Judgment (Doc. 33).

Jackson asserts that he is unable to prepare an amended complaint or respond to Corizon's Motion unless the Court permits him to engage in limited discovery. See Docs. 26, 32, 33. As such, he requests additional time to comply with the Court's Order (Doc. 24)[1] and respond to Corizon's Motion. See id. It appears Jackson wants to engage in discovery to obtain information relating to Corizon's alleged policy, practice, and custom of (1) delaying an inmate's access to emergency medical care to seek alternative, cost-efficient treatment options, and (2) instructing medical personnel to seek a physician's prior approval before calling paramedics and transferring an inmate to an outside provider for emergency care. See Docs. 26, 27, 30. Defendants oppose Jackson's requests to engage in discovery, and maintain that Jackson's Motion to Compel Discovery should be denied because the Court has neither granted him leave to engage in discovery nor entered a scheduling order. See Doc. 31 at 2-3; see also Doc. 29.

In light of Jackson's asserted need for evidentiary documentation to oppose Corizon's summary-judgment motion, and

---

[1] The Court denied Jackson's motion for leave to file an amended complaint because he had failed to include a proposed amended complaint. See Order (Doc. 24), filed March 29, 2019. Nevertheless, the Court stated that Jackson may file a renewed motion to amend (with a proposed amended complaint) by May 10, 2019, if he has a good-faith basis for filing an amended complaint. See id.

2

Jackson's desire to file an amended complaint, the Court will defer ruling on Corizon's Motion, and grant Jackson additional time to file a renewed motion to amend (with an attached proposed amended complaint). In amending, Jackson must allege "enough facts to state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). If the Court grants Jackson's renewed motion to amend, the Court will direct Corizon to respond to the amended complaint, and also will set deadlines for discovery and the filing of dispositive motions and responses.

Therefore, it is now

**ORDERED**:

1. The Court **defers** ruling on Corizon's Motion to Dismiss or for Summary Judgment (Doc. 18).

2. Plaintiff's Motion for Limited Discovery and Enlargement of Time to Respond to Defendant's Motion to Dismiss or Summary Judgment (Doc. 26), Motion to Deny or Stay Defendant's Motion to Dismiss or for Summary Judgment (Doc. 27), and Motion for Extension of Time to File Response to Motion for Dismissal or Summary Judgment (Doc. 33) are **DENIED as moot**.

3. Plaintiff's Motion to Compel Discovery (Doc. 30) is **DENIED without prejudice** to his right to engage in discovery after the Court rules on his renewed motion to amend, Corizon's Motion to Dismiss or for Summary Judgment (Doc. 18), and sets appropriate deadlines.

4. Plaintiff's First Motion for Extension of Time (Doc. 32) is **GRANTED** only to the extent that he must file a renewed motion to amend (with a proposed amended complaint) **no later than July 10, 2019**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 6/3
c:
Troy Jackson, FDOC #683942
Counsel of Record

4