UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY JACKSON,

                  Plaintiff,

v.

                                               Case No. 3:18-cv-1041-J-34JBT

CORIZON HEALTH, INC.,

                  Defendant.

_____

**ORDER**

      Plaintiff Troy Jackson initiated this action on August 27, 2018. In an Order, filed on September 12, 2019, the Court granted Jackson's request for leave to file an amended complaint and directed Defendant Corizon Health, Inc., to answer the Amended Complaint (Doc. 39) no later than October 21, 2019. <u>See</u> Order (Doc. 38) at 1. The Court further directed the parties to "conduct discovery so the due date of any discovery requested is no later than **February 21, 2020**," <u>id.</u> at 1, and set a dispositive motion deadline of April 6, 2020, <u>see</u> <u>id.</u> at 2.

      In the Amended Complaint, Jackson asserts claims pursuant to 42 U.S.C. § 1983 against Defendant Corizon. He alleges that Nurse Lewis, a Corizon employee, delayed his access to emergency care for an asthma attack he suffered on June 27, 2015, due to Corizon's policy requiring a physician's prior approval. In counts one and three, he avers that Corizon was deliberately indifferent to his medical needs and is responsible for delaying his access to emergency care due to its custom, policy and practice of (1)

providing improperly trained nurses; (2) making medical decisions based on curtailing hospitalization costs; (3) avoiding emergency room visits for inmates if other cost-efficient treatment options are available; and (4) instructing medical staff to seek prior approval from a physician before calling paramedics or sending an inmate to the emergency room. In count two, he states that Corizon failed to train Nurse Lewis with respect to emergency hospital care for inmates. As relief, he seeks monetary damages and declaratory relief.

On October 21, 2019, instead of filing an answer, Corizon filed its Motion to Dismiss or for Summary Judgment (Corizon Motion; Doc. 43). In response, on November 14, 2019, Jackson filed Plaintiff's pro se Motion to Strike Defendant Corizon's Motion to Dismiss or for Summary Judgment (Motion; Doc. 45). In the Motion, Jackson requests that the Court strike Corizon's Motion, and direct Corizon to file an answer in compliance with the Court's Order (Doc. 38). He maintains that Corizon filed a "hybrid" motion "solely to stave off" filing an answer and engaging in discovery. Motion at 2. He cites no authority for striking an opposing party's motion, rather than responding to it. The Court will rule on the Motion without requiring Corizon to respond. Upon review of the Motion, the Court determines that it is due to be denied.

Notably, Rule 12(f)(2), Federal Rules of Civil Procedure (Rule(s)) provides that, upon motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, only material found in a "pleading" may be stricken pursuant to Rule 12(f). See Jeter v. Montgomery Cty., 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999); Newsome v. Webster, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994).

Rule 7(a) defines which documents constitute pleadings.[1] See Scarborough v. Principi, 541 U.S. 401, 417 (2004) (noting that Rule 7(a) "enumerat[es] permitted 'pleadings'"). Motions to dismiss or for summary judgment are not pleadings, as enumerated in the Rule. See Rule 7(a). Jackson's Motion is directed at Corizon's Motion which does not constitute a pleading. See Motion at 1; Rule 7(a). Thus, the remedy of striking the document is not appropriate, and the Motion will be denied.[2]

In addition to filing the Motion, on November 18, 2019, Jackson filed Plaintiff's pro se Motion for Order of Court's Deadline to Remain in Effect (Second Motion; Doc. 46). In his Second Motion, Jackson asserts that he needs to engage in discovery before he responds to Corizon's Motion, and therefore, requests that the Court's deadlines for discovery and the filing of motions remain in effect. The Court will rule on the Second Motion without requiring Corizon to respond. Upon consideration of the Second Motion, the Court determines that it is due to be granted to the extent that the Court will leave in place the deadlines set forth in the Order and deny without prejudice the Corizon Motion to the extent that Corizon seeks entry of summary judgment in its favor.

---

[1] Specifically, Rule 7(a) provides that "[o]nly these pleadings are allowed:"
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

[2] To the extent Jackson believes a motion filed by a defendant is improper or otherwise due to be denied, the proper course of action is to file a memorandum in opposition to the motion, with citation to legal authority, in accordance with Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)).

As is evident from the brief procedural history of this case, the Corizon Motion precedes not only Defendant's response to the Amended Complaint, but also the exchange of discovery between the parties. "The law in [the Eleventh] [C]ircuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of [a motion for summary judgment]." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997); Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988) (instructing that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery" and recognizing that opposing parties have a "right to utilize the discovery process to discover the facts necessary to justify their opposition to" a summary judgment motion); Kelsey v. Withers, 718 F. App'x 817, 820-21 (11th Cir. 2017) (affirming district court's decision to strike a premature summary judgment motion and explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them'" (internal quotation omitted)); Bradley v. Branch Banking & Trust Co., No. 3:15-cv-00012-TCB-RGV, 2015 WL 11422296, at *8 (N.D. Ga. July 30, 2015) (collecting cases) adopted by 2015 WL 11455759, at *2 (N.D. Ga. Aug. 24, 2015). Consistent with this authority, the Court finds good cause for Jackson's request that he be permitted to engage in discovery before responding to any motion for summary judgment. While the Court could simply defer ruling on the request for summary judgment, the Court determines the more appropriate course of action is to deny the Corizon Motion without prejudice to the extent it seeks entry of summary judgment. Corizon may file a renewed motion for summary judgment at the appropriate time, after an adequate period

for discovery. See DeJesus v. Emerald Coast Connections of St. Petersburg, Inc., No. 8:10-cv-462-T-30TBM, 2010 WL 1839119, at *1 (M.D. Fla. May 4, 2010) (denying summary judgment motion as premature where parties had not yet engaged in discovery); Blumel v. Mylander, 919 F. Supp. 423, 428-29 (M.D. Fla. Mar. 12, 1996) (denying summary judgment motion as premature where motion was served on first day of discovery period and admonishing counsel that filing a premature motion not only disregards the opposing parties' discovery rights but also wastes judicial resources). The Court further finds that denial of the Corizon Motion rather than deferral is warranted because any summary judgment motion filed in this case must take into consideration and be supported by the evidence disclosed during the discovery period. As the current Corizon Motion seeking summary judgment cannot account for discovery not yet undertaken, the better course of action is to deny it without prejudice. As such, the Court will treat the Corizon Motion as a request for dismissal under Rule 12(b)(6) only and not as one for summary judgment at this time.

The Court now turns to the Corizon Motion. In its motion, Corizon maintains that Jackson's claims relating to its policies in counts one and three are "baseless." Corizon Motion at 15. Additionally, Corizon asserts that Jackson fails to state a claim in count two because "[n]othing in the Complaint or the record indicates a need for training known to Corizon." Id. at 17. Because a review of the Amended Complaint establishes that the motion is due to be denied, the Court will rule on the Corizon Motion without requiring Jackson to respond.

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009);

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262 63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

A municipality may be liable in a § 1983 action "only where the municipality itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Grech v. Clayton Cty., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

Additionally, a municipality may be liable "on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." Hoefling v. City of Miami, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing Matthews v. Columbia Cty., 294 F.3d 1294, 1297 (11th Cir. 2002)). In this context, the "final policymaker, however, must ratify not only the decision itself, but also the unconstitutional basis for it." Matthews, 294 F.3d at 1297-98 (internal quotations and citations omitted). The Eleventh Circuit also has suggested that a city's "persistent failure to take disciplinary action against officers can give rise to the inference that a municipality ratified conduct, thereby establishing a 'custom' within the meaning of Monell." Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985); see also Rivas v. Figueroa, No. 11–23195–Civ., 2012 WL 1378161, at *3 (S.D. Fla. Apr. 20, 2012) ("A municipality may be liable for violating Section

1983 even where the municipality provides rules and regulations for the operation of its police department, if those rules were repeatedly violated and the municipality failed to rectify the situation.") (citing Depew v. City of St. Marys, Ga., 787 F.2d 1496, 1499 (11th Cir.1986)). Because Corizon's liability under § 1983 would be based on its functional equivalence to the government entity responsible for providing medical care and services to Florida Department of Corrections inmates, Jackson must plead that an official policy or custom of Corizon was the moving force behind the alleged constitutional violation.

Here, taking Jackson's allegations in the Amended Complaint as true, as the Court must at this motion-to-dismiss stage of the litigation, Jackson states plausible Eighth Amendment claims against Defendant Corizon. Jackson identifies the Corizon policy which he alleges was the moving force behind the deliberate indifference to his serious medical condition. See Amended Complaint at ¶¶ 61, 62, 70, 71, 75, 84-86. He further pleads facts, which taken in the light most favorable to him, suggest a need to train Nurse Lewis and Corizon medical staff. See id. at ¶¶ 60, 70, 71, 80, 81. As such, the Corizon Motion is due to be denied to the extent it seeks dismissal of Jackson's Eighth Amendment claims.

Therefore, it is now

**ORDERED**:

1.      Jackson's Motion to Strike Defendant Corizon's Motion to Dismiss or for Summary Judgment (Doc. 45) is **DENIED**.

2.      Jackson's Motion for Order of Court's Deadline to Remain in Effect (Doc. 46) is **GRANTED** to the extent that the Court's deadlines, see Order (Doc. 38), remain in effect.

3.     Corizon's Motion (Doc. 43) requesting dismissal under Rule 12(b)(6) is **DENIED**. To the extent Corizon seeks summary judgment, the request is **DENIED without prejudice** to its right to file a renewed motion for summary judgment after an adequate period for discovery**.**

4.     Defendant Corizon shall file an Answer **no later than December 30, 2019.**

5.     The Court's deadlines for discovery and the filing of dispositive motions shall remain in effect. See Order (Doc. 38), at 1-2, ¶¶ 5, 6, 7.

6.     The Clerk shall provide a copy of the Court's Order (Doc. 38) to Plaintiff.

7.     The Court expects strict compliance with the Court's deadlines. The parties are encouraged to resolve discovery disputes without court intervention.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of December, 2019.

MARCIA MORALES HOWARD
United States District Judge

sc 12/4
c:
Troy Jackson, FDOC # 683942
Counsel of Record